## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

RAMONE ANTONIO KENAN, M.S.,
                    Plaintiff,

v.
                                                                  Civil Action No. 5:05CV51
                                                                   (Judge Stamp)

BUREAU OF PRISONS, FCI-GILMER;
WARDEN K. WENDT;
H.S.A. MRS. BUNTS;
UNIT MANAGER McADAMS;
COUSELOR SALINAS;
CASE MAN. O'DELL;
LT. PROFFIT;
CASE MAN. LAHR; and
SHU LT. WHINNERY,
                              Defendants.

## REPORT AND RECOMMENDATION

       This matter is pending before me for initial review and report and recommendation pursuant to LR PL P83.02.  On April 13, 2005, the plaintiff, Ramone-Antonio Kenan, an inmate at FCI - Gilmer, Glenville,  West Virginia, filed a Motion for Injunction and Temporary Restraining Order which was deemed a Bivens action.  On May 9, 2005, the plaintiff filed a document titled "Notice to the Principle is Notice to the Agent is Notice to the Principle I File on Demand." Such statement makes no sense. In the document filed on May 9, 2005, the plaintiff requested leave to amend his brief with additional arguments.    Thus, the document was filed as a Motion to Amend.

       The plaintiff states that he requested to be screened for T.B. via a chest x-ray instead of the P.P. D. injection.   He was then placed in the special housing unit for a 306 violation - "Refusing Programs or Work Assignment."

In his complaint, the plaintiff "seeks to have a Federal Injunction and Restraining Order placed on all listed and non-listed parties, him be allowed his T.B. Screening via (Chest x-ray) and released back into population to further his release planning. Also, [plaintiff] desires it to be mandated and made clear to all Administrators that B.O.P. Policy is to be followed and not ambiguously used when desired." The plaintiff also requests that he be transferred to a camp because his points do not justify his placement at FCI-Gilmer.

In his motion to amend, the plaintiff states that he is losing wages as a result of being in the special housing unit. He asks for the reinstatement of any privileges which have been stripped from him. He also asks for $1,000 in release gratuities.

Because it did not appear that the plaintiff had exhausted his administrative remedies, by Order entered on July 15, 2005, the plaintiff was ordered to provide the Court, within 14 days of the entry of the Order, with proof that he had exhausted his administrative remedies regarding his various claims.

On July 25, 2005, the plaintiff submitted a letter in which he states that "[u]pon deep analyzation I've determined that this suit would be fruitful at this time. I move for dismissal without prejudice." He further requests a full or partial refund of the filing fee.

The undersigned recommends that the plaintiff's motion to dismiss be granted. However, the plaintiff is not entitled to a full or partial refund of the $250.00 filing fee he paid. The Prisoner Litigation Reform Act ["PLRA"] requires a prisoner to pay the full amount of the filing fee when a prisoner brings a civil action. 28 U.S.C. §1915(b). A plaintiff's voluntary dismissal of his case does not waive the payment of the filing fee. In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). Further, there is no provision in the PLRA which provides for refunds. See

Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001) ("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn. That is not surprising, since a congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'").

In consideration of the foregoing, the undersigned recommends that the plaintiff's motion to dismiss be granted and that the complaint and motion to amend be dismissed without prejudice and dismissed from the docket. It is further recommended that the petitioner's request for a refund of the filing fee be denied.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff.

DATED:      July 29, 2005

                                        /s/ James E. Seibert
                                        JAMES E. SEIBERT
                                        UNITED STATES MAGISTRATE JUDGE