IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAMONE ANTONIO KENAN, M.S.,

    Plaintiff,

v.                                              Civil Action No. 5:05CV51
                                                       (STAMP)

BUREAU OF PRISONS, FCI-Gilmer,
KEVIN WENDT, Warden,
MRS. BUNTS, H.S.A.,
UNIT MANAGER McADAMS,
COUNSELOR SALINAS,
CASE MANAGER O'DELL,
LT. PROFFIT, CASE MANAGER LAHR
and LT. WHINNERY, S.H.U.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

    On April 13, 2004, <u>pro se</u> plaintiff, Ramone Antonio Kenan, filed a motion for injunction and temporary restraining order which was deemed an action pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The Court referred the motion to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On May 9, 2005, the plaintiff filed a document titled "Notice to the principle is Notice to the Agent is Notice to the Principle I file on demand," in which the plaintiff requested leave to amend his brief with additional arguments. The document was filed as a motion to amend. On July 15, 2005, Magistrate Judge James E. Seibert ordered the plaintiff to provide the Court, within fourteen days from the entry of the

order, with proof that he had exhausted his administrative remedies regarding his claims. On July 25, 2005, the plaintiff filed a letter with this Court stating that he realized the suit would not be fruitful at the present time. In the letter, the plaintiff moved for dismissal without prejudice and requested a full or partial refund of the filing fee. On July 29, 2005, the magistrate judge entered a report recommending that plaintiff's motion to dismiss should be granted and the complaint and motion to amend be dismissed without prejudice and dismissed from the docket.[1] The magistrate judge further recommended that the plaintiff's request for a refund of the filing fee be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and

---

[1] On September 19, 2005, this Court received a notice of appeal from the Court of Appeals for the Fourth Circuit for Permission for Leave to File an Appeal to the District Court's Denial of a § 2241 Motion. The § 2241 motion was filed in Civil Action No. 1:04CV144, a matter ordered upon by Judge W. Craig Broadwater in the Northern District of West Virginia. The current order, entered in Civil Action No. 5:05CV51, is unrelated to plaintiff's appeal to the Court of Appeals for the Fourth Circuit and, thus, is not addressed in this order.

recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califan0, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

Plaintiff requests a full or partial refund of the $250.00 filing fee he paid. In his report, the magistrate judge reviewed the record and concluded that the Prisoner Litigation Reform Act ("PLRA") requires a prisoner to pay the full amount of the filing fee when a prisoner brings a civil action. 28 U.S.C. § 1915(b)(1). There is no provision in the PLRA that provides for refunds. See Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001)("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the even that an appeal is withdrawn"). Further, a plaintiff's voluntary dismissal of his or her case does not waive the payment of the filing fee. In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).

In addition, this Court agrees with the magistrate judge that the plaintiff is not entitled to a full or partial refund of the $250.00 filing fee. According to 28 U.S.C. § 1915(b)(1), a prisoner must pay the filing fee, or arrange a payment schedule, at the moment the complaint is filed. Further, any voluntary dismissal subsequent to the filing of the complaint will not negate the

plaintiffs financial responsibility. In re Prison Litigation Reform Act, 105 F.3d 1131 at 1133-4. In the present case, the plaintiff paid his filing fee upon filing of his complaint. He has voluntarily dismissed his case subsequent to the filing of the complaint. Thus, the plaintiff is not entitled to a full or partial refund of the $250.00 filing fee. Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, plaintiff's request for a refund of the filing fee is hereby DENIED. It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court. Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff, to counsel of record herein and to the Clerk of the Court of Appeals for the Fourth Circuit. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     October 24, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE