# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RAMONE ANTONIO KENAN,**

      **Plaintiff,**

v.                                                             **Civil Action No. 5:05cv51**
                                                                  **(Judge Stamp)**

**BUREAU OF PRISONS, KEVIN WENDT,**
**JANET BUNTS, UNIT MANAGER MCADAMS,**
**COUNSELOR SALINAS, CASE MANAGER**
**O'DELL, LT. PROFFET, CASE MANAGER**
**LAHR AND LT. WHINNERY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on April 13, 2006, by filing a civil rights complaint against the above-named defendants. In the complaint, Plaintiff made claims that his conditions of confinement constituted cruel and unusual punishment and sought a preliminary injunction or temporary restraining order against the defendants. More specifically, Plaintiff sought a "federal injunction and restraining order" allowing him to be tested for tuberculosis via a chest x-ray, releasing him back into the general population to further his release planning, and mandating that Plaintiff be transferred to a federal prison camp. Plaintiff paid the required $250 filing fee on April 28, 2005.[1]

On May 9, 2005, Plaintiff filed for permission to supplement or amend his complaint. In that motion, Plaintiff claimed that due to the Bureau of Prisons ("BOP") wrongful application of policy, he has been denied certain rights and privileges. Thus, Plaintiff sought to have those rights and privileges restored. In addition, Plaintiff sought to add a claim to his complaint for a $1000 release

---

[1] The filing fee has since been raised to $350.

gratuity. On July 15, 2005, the undersigned issued an Order directing Plaintiff to file proof of exhaustion within fourteen days.

On July 25, 2005, Plaintiff filed a letter motion to dismiss his case and for a full refund of the filing fee. In the letter, Plaintiff stated that "upon deep analyzation," he has determined that his case "would not be fruitful at this time." Therefore, Plaintiff sought the dismissal of the case without prejudice and a full or partial refund of the filing fee.

On July 29, 2005, the undersigned reviewed Plaintiff's motion to dismiss, motion to amend, and the complaint. In doing so, the undersigned determined that Plaintiff's motion to dismiss should be granted and the complaint be dismissed without prejudice. However, pursuant to the Prison Litigation Reform Act ("PLRA") the undersigned also recommended that Plaintiff's motion for a full or partial refund be denied.[2] In light of these findings, it was also recommended that Plaintiff's motion to amend be dismissed without prejudice.

On September 19, 2005, Plaintiff filed an interlocutory appeal with the Fourth Circuit Court of Appeals. That appeal was forwarded to this Court on October 19, 2005. In the appeal, Plaintiff complained that his § 2241 motion attacking his illegal incarceration was not properly answered by the Honorable Judge Kaull.[3] Although the appeal does not appear to pertain to this case,[4] the Notice of Appeal was docketed in this case. Moreover, because Plaintiff's appeal was sent directly to the

---

[2] See 28 U.S.C. § 1915(b) (requiring a prisoner to pay the full amount of the filing fee when a prisoner brings a civil action); Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001) (there is no provision in the PLRA which provides for refunds); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (plaintiff's voluntary dismissal of his case does not waive the payment of the filing fee).

[3] John S. Kaull is a United States Magistrate Judge with this District.

[4] The instant case was docketed as a Bivens action and makes no claims regarding the conviction or sentence underlying Plaintiff's incarceration.

2

Fourth Circuit, on October 24, 2005, being unaware that an interlocutory appeal had been filed, the Honorable Frederick P. Stamp, Jr., United States District Judge, affirmed and adopted my report and recommendation. Plaintiffs' appeal was voluntarily dismissed by the Fourth Circuit Court of Appeals on December 13, 2005.

On April 3, 2006, Plaintiff filed a Motion for reinstatement of <u>Bivens</u> Action. In the motion, Plaintiff asserts that since the filing fee will not be refunded, he would like to proceed with this suit. Plaintiffs' motion was referred to the undersigned for a report and recommendation pursuant to an Order of Reference dated December 29, 2006.

Additionally, on June 19, 2006, Plaintiff filed a Notice of Change of Address listing what appears to be an address outside the prison system. This prompted the Court to conduct further investigation into Plaintiff's status as a federal prisoner. According the BOP's inmate locator,[5] Plaintiff was released from federal custody on August 11, 2006. Therefore, it appears as if the issues in this case are now moot.

**Mootness**

Under Article III, § 2 of the Constitution, the jurisdiction of a federal court is limited to cases or controversies. <u>Honing v. Doe</u>, 484 U.S. 305, 317 (1988). "The doctrine of mootness derives from this limitation because an action that is moot cannot be characterized as an active case or controversy." <u>Adler v. Duval County Sch. Bd.</u>, 112 F.3d 1475, 1477 (11th Cir. 1997). To be justiciable under Article III, "the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed *and* at the time it is decided." <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th Cir. 1983) (emphasis in the original). If events occur subsequently to the filing of a lawsuit that

---

[5] The BOP's inmate locator can be found at www.bop.gov.

divest the court of the ability to award meaningful relief, the case is moot. Id. at 693-694.

Here, Plaintiff seeks an injunction against the BOP allowing him to be tested for tuberculosis via a chest x-ray, releasing him back into the general population to further his release planning, and mandating that Plaintiff be transferred to a federal prison camp. However, the Court is not now able to grant Plaintiff the relief he seeks because he has been released from the custody of the BOP. Moreover, in his motion to amend, Plaintiff further seeks an injunction against the BOP to restore the rights and privileges lost while in disciplinary confinement and to grant him a $1000 release gratuity. Once again, however, the Court cannot grant Plaintiff the relief he seeks because of his release. Accordingly, Plaintiff's release from custody has divested the court of the ability to award him meaningful relief and this case is now moot.

## **Recommendation**

In consideration of the foregoing, the undersigned finds that there is no active case or controversy remaining in this case and that Plaintiff's motion to reinstate the case (dckt. 20) should be DENIED.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: January 4, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE