IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAMONE ANTONIO KENAN,

    Petitioner,

v.                                                Civil Action No. 5:05CV51
                                                                         (STAMP)
BUREAU OF PRISONS, KEVIN WENDT,
JANET BUNTS, UNIT MANAGER McADAMS,
COUNSELOR SALINAS, CASE MANAGER O'DELL,
LT. PROFFET, CASE MANAGER LAHR
and LT. WHINNERY,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING PETITIONER'S MOTION TO REINSTATE**

I.  Procedural History

On April 13, 2006, the petitioner, Ramone Antonio Kenan, appearing pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), against the respondents, Bureau of Prisons ("BOP"), Kevin Wendt, Janet Bunts, Unit Manager McAdams, Counselor Salinas, Case Manager O'Dell, Lt. Proffet, Case Manager Lahr and Lt. Whinnery. In the complaint, the petitioner seeks a preliminary injunction or temporary restraining order against the respondents because he claims that his conditions of confinement constitute cruel and unusual punishment. More specifically, the petitioner seeks a "federal injunction and restraining order" to: (1) allow him to be tested for tuberculosis through the use of a chest x-ray, (2)

release him back into the general population to further his release planning; and (3) mandate that the petitioner be transferred to a federal prison camp.  The petitioner paid the required filing fee of $250.00 on April 28, 2005.

On May 9, 2005, the petitioner filed a motion for permission to supplement or amend his complaint.  In that motion, the petitioner claimed that due to the BOP's wrongful application of the policy, he has been denied certain rights and privileges.  Thus, the petitioner seeks to have those rights and privileges restored.  In addition, the petitioner sought to add a claim for $1,000.00 "in release gratuities." (Pet'r's Mot. Amend. at 3.)  On July 15, 2005, United States Magistrate Judge James E. Seibert issued an order directing the petitioner to file proof of exhaustion within fourteen days.

On July 25, 2005, the petitioner filed a letter motion to dismiss his case and for a full refund of the filing fee.  In the letter, the petitioner stated that "upon deep analyzation," he had determined that his case "would not be fruitful at this time." (Letter Mot. to Dismiss Doc. 7 at 1.)  Thus, the petitioner sought the dismissal of this case without prejudice and a full or partial refund of the filing fee.  On July 29, 2005, Magistrate Judge Seibert reviewed the petitioner's motion to dismiss, motion to amend the complaint and the original complaint.  Upon review of these materials, the magistrate judge determined that the

petitioner's motion to dismiss should be granted and that the complaint should be dismissed without prejudice. However, pursuant to the Prisoner Litigation Reform Act, the magistrate judge also recommended that petitioner's motion for a full or partial refund should be denied. See 28 U.S.C. § 1915(b) (requiring a prisoner to pay the full amount of the filing fee when a prisoner brings a civil action). For these reasons, the magistrate judge also recommended that the petitioner's motion to amend the complaint should be dismissed without prejudice.

On September 19, 2005, the petitioner filed an interlocutory appeal with the United States Court of Appeals for the Fourth Circuit. The appeal was forwarded to this Court on October 19, 2005. In the appeal, the petitioner complained that his 28 U.S.C. § 2241 motion attacking his illegal incarceration was not properly answered by United States Magistrate Judge John S. Kaull.[1] Although the appeal does not appear to pertain to the present action, the notice of appeal was docketed in this case. Because the petitioner's appeal was sent directly to the Fourth Circuit Court of Appeals on October 24, 2005, this Court was unaware that an interlocutory appeal had been filed and this Court affirmed and adopted the magistrate judge's report and recommendation. The

---

[1]The present civil action was docketed as a Bivens action and makes no claims regarding the conviction or sentence underlying the petitioner's incarceration.

petitioner's appeal was voluntarily dismissed by the Fourth Circuit Court of Appeals on December 13, 2005.

On April 3, 2006, the petitioner filed a motion for reinstatement of his complaint in this Court. In the motion, the petitioner asserts that since the filing fee will not be refunded, he would like to proceed with the action he filed in this Court. The petitioner's motion was referred to Magistrate Judge Seibert for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) as stated in an order of reference dated December 29, 2006.

Further, on June 19, 2006, the petitioner filed a notice of change of address listing what appears to be an address from outside the prison. This prompted Magistrate Judge Seibert to conduct a further investigation into the petitioner's status as a federal prisoner. According to the BOP's inmate locator, the petitioner was released from federal custody on August 11, 2006. Thus, on January 4, 2007, Magistrate Judge Seibert entered a report and recommendation that there is no active case or controversy remaining in this case and that the petitioner's motion to reinstate this case should be denied.

The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

## II. Discussion

Under Article III, Section 2 of the Constitution, the jurisdiction of a federal court is limited to cases or controversies. Honing v. Doe, 484 U.S. 305, 317 (1988). "The doctrine of mootness derives from this limitation because an action that is moot cannot be characterized as an active case or controversy." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997). To be justiciable under Article III, "the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983)(emphasis in the original). If events occur subsequently to the filing of a lawsuit that divest the court of the ability to award meaningful relief, the case is moot. Id. at 693-94.

In this action, the petitioner seeks an injunction or temporary restraining order against the BOP for its failure to allow him to be tested for tuberculosis by means of a chest x-ray. Further, the petitioner seeks to be released from disciplinary confinement so that he may return to the general prison population to further his release planning. Finally, the petitioner requests that this Court mandate the BOP to transfer him to a federal prison camp.

The magistrate judge found that the petitioner's requests are moot because this Court is unable to grant the relief requested. This Court agrees with the magistrate judge's findings because the petitioner has been released from BOP custody.

Further, in the petitioner's motion to amend, the petitioner seeks an injunction against the BOP to restore the rights and privileges he lost while in disciplinary confinement. The petitioner requests $1,000.00 "in release gratuities." (Pet'r's Mot. Amend at 3.)

This Court finds that the petitioner's request for relief in his amended complaint cannot be granted because the petitioner's release from custody has divested this Court of the ability to award him meaningful relief. Thus, the petitioner's case is now moot. Accordingly, this Court finds that the petitioner's motion for reinstatement of the case must be denied.

6

III.  <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, the petitioner's motion to reinstate the case is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 5, 2007

<u>/s/ Frederick P. Stamp, Jr.   </u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE